# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KEITH THOMAS | No. CV 13-5514-RGK (PLA) |
|     Petitioner, | |
|     v. | **ORDER RE: SUMMARY DISMISSAL OF ACTION** |
| MATTHEW CATE, Secretary of CDCR, | |
|     Respondent. | |

On July 31, 2013, Keith Thomas ("Thomas") filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") on behalf of three other state prisoners -- Ollie Wilkin, Kelvin Bookman, and Charles Baker. (Petition, at 1, 5). It appears that the Petition challenges the state murder convictions of Wilkin, Bookman, and Baker, but it plainly appears from the face of the Petition that Wilkin, Bookman, and Baker are not entitled to relief.

First, apart from stating that Wilkin, Bookman, and Baker are serving life sentences in prison pursuant to convictions for murder, the Petition fails to furnish any specific information concerning their convictions, including the court in which they were convicted (the Petition states "Los Angeles / San Diego" on the space provided to indicate the place of conviction and sentence), the trial court case number(s), and the dates of conviction and sentencing. (See Petition, at 2.) As such, the Petition fails to comply with Rule 8(a) of the Federal Rules of Civil

1 │ Procedure, which states that a pleading must contain "a short and plain statement of the grounds
2 │ for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new
3 │ jurisdictional support." Without specific information concerning where and when the convictions
4 │ underlying the Petition took place, the Court cannot determine whether federal habeas jurisdiction
5 │ is proper under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(a) (empowering the Court to "entertain
6 │ an application for a writ of habeas corpus in behalf of a person in custody pursuant to the
7 │ judgment of a State court only on the ground that he is in custody in violation of the laws of the
8 │ Constitution or laws or treaties of the United States").

9 │      Second, the Petition indicates that no direct appeal was ever filed from any of the
10 │ convictions of Wilkin, Bookman, and Baker, and that no state habeas petitions have been filed
11 │ with respect to any of their convictions. (See Petition, at 2-3.) As a matter of comity, a federal
12 │ court will not entertain a habeas corpus petition unless the petitioner has exhausted the available
13 │ state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509,
14 │ 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a
15 │ habeas petition brought by a person in state custody "shall not be granted unless it appears that --
16 │ (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there
17 │ is an absence of available State corrective process; or (ii) circumstances exist that render such
18 │ process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if
19 │ the exhaustion requirement is to be waived, it must be waived expressly by the state, through
20 │ counsel. See 28 U.S.C. § 2254(b)(3).

21 │      Exhaustion requires that petitioner's contentions be fairly presented to the state supreme
22 │ court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47,
23 │ 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).
24 │ A petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
25 │ invoking one complete round of the State's established appellate review process" in order to
26 │ exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the
27 │ prisoner has described in the state court proceedings both the operative facts and the federal
28 │ legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct.

1 | 887, 130 L.Ed.2d 865 (1995); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). A petitioner
2 | has the burden of demonstrating that he has exhausted available state remedies. See, e.g.,
3 | Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, the Petition fails to demonstrate that
4 | Wilkin, Bookman, or Baker have exhausted available state remedies with respect to any potential
5 | habeas claims. (See Petition, at 2-3, 5-6.)

6 |       Finally, the space on the Petition for the petitioner(s) to sign, in order to certify under
7 | penalty of perjury that the information in the Petition is true and correct, is signed by Thomas, who
8 | asserts that he is "the next friend in this matter[] involving Charles Baker[], Ollie Wilkin and
9 | Kevin Bookman." (Petition, at 8; Affidavit in Support of the Petition, at 1). The Petition is not
10 | signed by either Wilkin, Bookman, or Baker.

11 |       A third party, or "next friend," can appear in court on behalf of detained prisoners who are
12 | unable to seek relief themselves. Whitmore v. Arkansas, 495 U.S. 149, 161, 110 S.Ct. 1717, 109
13 | L.Ed.2d 135 (1990). A "next friend" does not himself become a party to the habeas corpus action
14 | in which he participates. He merely pursues the cause on behalf of the detained person, who
15 | remains the real party in interest. Id. at 163.

16 |       "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue
17 | an action on behalf of another." Id. In order for such standing to be granted, the following two
18 | requisites must be satisfied. First, the "next friend" must provide an adequate explanation, such
19 | as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot
20 | appear on his own behalf to prosecute the action. See, e.g., United States ex rel. Toth v. Quarles,
21 | 350 U.S. 11, 13 n.3, 76 S.Ct. 1, 100 L.Ed. 8 (1955) (habeas petition brought by sister on behalf
22 | of prisoner held in Korea); Massie ex rel. Kroll v. Woodford, 224 F.3d 1191, 1196 (9th Cir. 2001)
23 | (next friend must present "meaningful evidence" that petitioner is suffering from a mental disease,
24 | disorder, or defect that substantially affects his capacity to make an intelligent decision); Hamdi
25 | v. Rumsfeld, 294 F.3d 593 (4th Cir. 2002) (father of military detainee at a naval station brig
26 | granted next friend standing). Second, the "next friend" must have some significant relationship
27 | with, and be truly dedicated to the best interests of the petitioner. Massie, 244 F.3d at 1194 (citing
28 | Whitmore, 495 U.S. at 163). See also Toth, 350 U.S. at 13 n.3 (granting next friend standing to

1  sister on behalf of prisoner); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153,
2  1161-62 (9th Cir. 2002), cert. denied, 538 U.S. 1031, 123 S.Ct. 2073, 155 L.Ed.2d 1060 (2003)
3  (coalition lacks standing as next friend because it had not demonstrated any relations with the
4  detainees on whose behalf the petition was brought).  These limitations were placed so that the
5  writ of habeas corpus should not be availed of, as a matter of course, by intruders or uninvited
6  meddlers, styling themselves as next friends.  Whitmore, 495 U.S. at 164.  Where a habeas
7  petition is brought by an individual who lacks standing to proceed as "next friend" of the petitioner,
8  the Court lacks jurisdiction over the action.  See id. at 166.

9       Here, Thomas states that Wilkin cannot appear on his own behalf to prosecute this action
10  because he "has a [p]osttraumatic stress disorder." (Affidavit in Support of the Petition, at 1).  He
11  further states that Wilkin, Bookman, and Baker are all "mental health inmate[s]," explaining that
12  "[t]heir mental incompetence is their mental illness and disability, their silliness, ignorance and
13  unlearn in law ... ." (Affidavit in Support of the Petition, at 1-2).  These assertions do not constitute
14  compelling reasons why Wilkin, Bookman, and Baker each cannot prosecute a federal habeas
15  action on his own.  Under the next friend analysis, the first requirement has most often been
16  considered a question of mental capacity, usually in the context of an inmate's capacity to bring
17  his own petition.  See, e.g., Dennis ex rel. Butko v. Budge, 378 F.3d 880, 889 (9th Cir. 2004) (third
18  party argued petitioner is suffering from a mental disease that affected his capacity to make an
19  intelligent decision); Massie, 244 F.3d at 1196 (argued petitioner was incompetent to waive further
20  habeas proceedings).  Thomas' vague assertions of "mental illness and disability," and even his
21  representation that Wilkin has posttraumatic stress disorder, do not amount to "meaningful
22  evidence" that Wilkin, Bookman, and Baker are each suffering from a mental disease, disorder,
23  or defect that substantially affects his capacity to make intelligent decisions.  See Massie, 224
24  F.3d at 1196.  Neither does "silliness" or the lack of a legal education meet the standard of
25  showing that Wilkin, Bookman, and Baker are each unable to litigate his respective case due to
26  mental incapacity, lack of access to court, or other similar disability.  See Coalition, 310 F.3d at
27  1160 (pre-requisite for next-friend standing not satisfied where real party's access to court is
28  otherwise unimpeded).  Accordingly, even if Thomas' relationship with and dedication to the best

4

1  interests of Wilkin, Bookman, and Baker may be assumed,[1] Thomas does not have standing to
2  proceed as "next friend" because he has not shown compelling reasons why each of these three
3  men cannot prosecute a federal habeas action on his own.  Because Thomas lacks standing to
4  bring this action, dismissal of the Petition -- which has been brought by Thomas -- is appropriate
5  for want of jurisdiction.  See Whitmore, 495 U.S. at 166.

6        Based on the foregoing, **IT IS ORDERED THAT**:

7      1.    The case is summarily **dismissed** for lack of exhaustion, want of jurisdiction due to
8  Thomas' lack of standing, and failure to set forth a short and plain statement of the grounds for
9  habeas jurisdiction.  See Rule 4 of the Rule Governing Section 2254 Cases in the United States
10  District Courts; Local Rule 72-3.2.

11      2.    In the event Wilkin, Bookman, or Baker wish to *personally* file a habeas claim
12  challenging the legality of a conviction and/or his confinement, the Clerk is **directed** to send
13  Thomas three blank copies of the Central District's Petition for Writ of Habeas Corpus by a Person
14  in State Custody.  Any habeas petition personally filed by Wilkin, Bookman, or Baker must comply
15  with the instructions provided on the Central District of California's habeas form and must contain
16  **complete answers for all sections** on the form, including information concerning the conviction
17  being challenged.  Any petition must also be fully exhausted and personally signed by the
18  petitioner under penalty of perjury.

20  DATED: AUGUST 7, 2013

                                                                 
21                                         HONORABLE R. GARY KLAUSNER
                                       UNITED STATE DISTRICT JUDGE

26    [1]  The Petition contains absolutely no evidence that Wilkin, Bookman, and Baker even want
27  Thomas to pursue this action on their behalf.  Further, even if Thomas has the best interests of
Wilkin, Bookman, and Baker in mind -- and the Court is skeptical that their purported relationship
28  as former fellow gang members would meet the standard -- the deficiencies in the Petition raise
a question as to whether Thomas is capable of *acting* in their best interests.