1

2

3

4

5

6

7

8

9

10

11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| 12 | KEITH THOMAS | ) No. CV 13-5514-RGK (PLA) |
| 13 | Petitioner, | ) |
| 14 | v. | ) **ORDER RE: SUMMARY DISMISSAL OF ACTION** |
| 15 | MATTHEW CATE, Secretary of CDCR, | ) |
| 16 | Respondent. | ) |
| 17 | | ) |

18    On July 31, 2013, Keith Thomas ("Thomas") filed a Petition for Writ of Habeas Corpus by

19  a Person in State Custody (the "Petition") on behalf of three other state prisoners -- Ollie Wilkin,

20  Kelvin Bookman, and Charles Baker. (Petition, at 1, 5). It appears that the Petition challenges

21  the state murder convictions of Wilkin, Bookman, and Baker, but it plainly appears from the face

22  of the Petition that Wilkin, Bookman, and Baker are not entitled to relief.

23    First, apart from stating that Wilkin, Bookman, and Baker are serving life sentences in

24  prison pursuant to convictions for murder, the Petition fails to furnish any specific information

25  concerning their convictions, including the court in which they were convicted (the Petition states

26  "Los Angeles / San Diego" on the space provided to indicate the place of conviction and

27  sentence), the trial court case number(s), and the dates of conviction and sentencing. (See

28  Petition, at 2.) As such, the Petition fails to comply with Rule 8(a) of the Federal Rules of Civil

1 Procedure, which states that a pleading must contain "a short and plain statement of the grounds

2 for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new

3 jurisdictional support." Without specific information concerning where and when the convictions

4 underlying the Petition took place, the Court cannot determine whether federal habeas jurisdiction

5 is proper under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(a) (empowering the Court to "entertain

6 an application for a writ of habeas corpus in behalf of a person in custody pursuant to the

7 judgment of a State court only on the ground that he is in custody in violation of the laws of the

8 Constitution or laws or treaties of the United States").

9      Second, the Petition indicates that no direct appeal was ever filed from any of the

10 convictions of Wilkin, Bookman, and Baker, and that no state habeas petitions have been filed

11 with respect to any of their convictions. (See Petition, at 2-3.) As a matter of comity, a federal

12 court will not entertain a habeas corpus petition unless the petitioner has exhausted the available

13 state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509,

14 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a

15 habeas petition brought by a person in state custody "shall not be granted unless it appears that --

16 (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there

17 is an absence of available State corrective process; or (ii) circumstances exist that render such

18 process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if

19 the exhaustion requirement is to be waived, it must be waived expressly by the state, through

20 counsel. See 28 U.S.C. § 2254(b)(3).

21      Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

22 court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47,

23 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).

24 A petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

25 invoking one complete round of the State's established appellate review process" in order to

26 exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the

27 prisoner has described in the state court proceedings both the operative facts and the federal

28 legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct.

887, 130 L.Ed.2d 865 (1995); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996). A petitioner has the burden of demonstrating that he has exhausted available state remedies. <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982). Here, the Petition fails to demonstrate that Wilkin, Bookman, or Baker have exhausted available state remedies with respect to any potential habeas claims. (<u>See</u> Petition, at 2-3, 5-6.)

Finally, the space on the Petition for the petitioner(s) to sign, in order to certify under penalty of perjury that the information in the Petition is true and correct, is signed by Thomas, who asserts that he is "the next of friend in this matter[] involving Charles Baker[], Ollie Wilkin and Kevin Bookman." (Petition, at 8; Affidavit in Support of the Petition, at 1). The Petition is not signed by either Wilkin, Bookman, or Baker.

A third party, or "next friend," can appear in court on behalf of detained prisoners who are unable to seek relief themselves. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 161, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). A "next friend" does not himself become a party to the habeas corpus action in which he participates. He merely pursues the cause on behalf of the detained person, who remains the real party in interest. <u>Id.</u> at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." <u>Id.</u> In order for such standing to be granted, the following two requisites must be satisfied. First, the "next friend" must provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action. <u>See</u>, <u>e.g.</u>, <u>United States ex rel. Toth v. Quarles</u>, 350 U.S. 11, 13 n.3, 76 S.Ct. 1, 100 L.Ed. 8 (1955) (habeas petition brought by sister on behalf of prisoner held in Korea); <u>Massie ex rel. Kroll v. Woodford</u>, 224 F.3d 1191, 1196 (9th Cir. 2001) (next friend must present "meaningful evidence" that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision); <u>Hamdi v. Rumsfeld</u>, 294 F.3d 593 (4th Cir. 2002) (father of military detainee at a naval station brig granted next friend standing). Second, the "next friend" must have some significant relationship with, and be truly dedicated to the best interests of the petitioner. <u>Massie</u>, 244 F.3d at 1194 (citing <u>Whitmore</u>, 495 U.S. at 163). See also <u>Toth</u>, 350 U.S. at 13 n.3 (granting next friend standing to

3

1  sister on behalf of prisoner); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153,

2  1161-62 (9th Cir. 2002), cert. denied, 538 U.S. 1031, 123 S.Ct. 2073, 155 L.Ed.2d 1060 (2003)

3  (coalition lacks standing as next friend because it had not demonstrated any relations with the

4  detainees on whose behalf the petition was brought).  These limitations were placed so that the

5  writ of habeas corpus should not be availed of, as a matter of course, by intruders or uninvited

6  meddlers, styling themselves as next friends.  Whitmore, 495 U.S. at 164.  Where a habeas

7  petition is brought by an individual who lacks standing to proceed as "next friend" of the petitioner,

8  the Court lacks jurisdiction over the action.  See id. at 166.

9        Here, Thomas states that Wilkin cannot appear on his own behalf to prosecute this action

10  because he "has a [p]osttraumatic stress disorder." (Affidavit in Support of the Petition, at 1).  He

11  further states that Wilkin, Bookman, and Baker are all "mental health inmate[s]," explaining that

12  "[t]heir mental incompetence is their mental illness and disability, their silliness, ignorance and

13  unlearn in law ... ." (Affidavit in Support of the Petition, at 1-2).  These assertions do not constitute

14  compelling reasons why Wilkin, Bookman, and Baker each cannot prosecute a federal habeas

15  action on his own.  Under the next friend analysis, the first requirement has most often been

16  considered a question of mental capacity, usually in the context of an inmate's capacity to bring

17  his own petition. See, e.g., Dennis ex rel. Butko v. Budge, 378 F.3d 880, 889 (9th Cir. 2004) (third

18  party argued petitioner is suffering from a mental disease that affected his capacity to make an

19  intelligent decision); Massie, 244 F.3d at 1196 (argued petitioner was incompetent to waive further

20  habeas proceedings).  Thomas' vague assertions of "mental illness and disability," and even his

21  representation that Wilkin has posttraumatic stress disorder, do not amount to "meaningful

22  evidence" that Wilkin, Bookman, and Baker are each suffering from a mental disease, disorder,

23  or defect that substantially affects his capacity to make intelligent decisions. See Massie, 224

24  F.3d at 1196.  Neither does "silliness" or the lack of a legal education meet the standard of

25  showing that Wilkin, Bookman, and Baker are each unable to litigate his respective case due to

26  mental incapacity, lack of access to court, or other similar disability. See Coalition, 310 F.3d at

27  1160 (pre-requisite for next-friend standing not satisfied where real party's access to court is

28  otherwise unimpeded).  Accordingly, even if Thomas' relationship with and dedication to the best

interests of Wilkin, Bookman, and Baker may be assumed,[1] Thomas does not have standing to proceed as "next friend" because he has not shown compelling reasons why each of these three men cannot prosecute a federal habeas action on his own.  Because Thomas lacks standing to bring this action, dismissal of the Petition -- which has been brought by Thomas -- is appropriate for want of jurisdiction.  See Whitmore, 495 U.S. at 166.

Based on the foregoing, **IT IS ORDERED THAT**:

1.     The case is summarily **dismissed** for lack of exhaustion, want of jurisdiction due to Thomas' lack of standing, and failure to set forth a short and plain statement of the grounds for habeas jurisdiction.  See Rule 4 of the Rule Governing Section 2254 Cases in the United States District Courts; Local Rule 72-3.2.

2.     In the event Wilkin, Bookman, or Baker wish to *personally* file a habeas claim challenging the legality of a conviction and/or his confinement, the Clerk is **directed** to send Thomas three blank copies of the Central District's Petition for Writ of Habeas Corpus by a Person in State Custody.  Any habeas petition personally filed by Wilkin, Bookman, or Baker must comply with the instructions provided on the Central District of California's habeas form and must contain **complete answers for all sections** on the form, including information concerning the conviction being challenged.  Any petition must also be fully exhausted and personally signed by the petitioner under penalty of perjury.

DATED: _AUGUST 7, 2013_

_____
HONORABLE R. GARY KLAUSNER
UNITED STATE DISTRICT JUDGE

---

[1]   The Petition contains absolutely no evidence that Wilkin, Bookman, and Baker even want Thomas to pursue this action on their behalf.  Further, even if Thomas has the best interests of Wilkin, Bookman, and Baker in mind -- and the Court is skeptical that their purported relationship as former fellow gang members would meet the standard -- the deficiencies in the Petition raise a question as to whether Thomas is capable of *acting* in their best interests.